UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-23414-CIV-MORENO

ANNE CORDANI, Individually and as
Personal Representative for the Estate of
WILLIAM CORDANI, Deceased,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., DR. CHERRYLL
LeBLANC, et al.,

        Defendants.

_____/

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT NCL (BAHAMAS) LTD.'s MOTION TO DISMISS
COUNTS I, II, AND V OF PLAINTIFF'S COMPLAINT**

THIS CAUSE came before the Court upon Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss Plaintiff's Complaint **(D.E. 8)**, filed on **October 26, 2015**. In the Motion, NCL (Bahamas) Ltd. ("NCL") requests that the Court "enter an Order dismissing Counts I, II, and V of Plaintiff's Complaint with prejudice." D.E. 8 at 15. Plaintiff filed a Response to the Motion **(D.E. 20)** on **November 20, 2015**. Upon review of the Motion, Response, and the record, the Court denies in part and grants in part NCL's Motion.

**I.    BACKGROUND**

This is a maritime action for wrongful death filed by the Estate of William Cordani. The Estate filed a seven-count Complaint against Defendants on September 10, 2015. *See* D.E. 1. In the Complaint, the Estate alleges that the medical treatment provided to Mr. Cordani by NCL and the individual Defendants (collectively, the "Medical Defendants") between November 17,

2014 and November 21, 2014 was "mismanaged and/or inadequate," and that this led to the decedent's death on November 22, 2014 in Nassau, Bahamas.

In the Motion, NCL seeks to dismiss Counts I, II, and V of the Estate's Complaint. Count I is a general negligence claim against NCL, *i.e.* that NCL "breached its duty to provide [Mr. Cordani] with reasonable care under the circumstances," and that this breach proximately caused his death. D.E. 1 at ¶ 36. Count II alleges that NCL was negligent in hiring and/or retaining the Medical Defendants, and that this negligence proximately caused Mr. Cordani's death. D.E. 1 at ¶¶ 40–46. Count V alleges negligence against NCL for the acts of the Medical Defendants under a theory of vicarious liability based on joint venture. D.E. 1 at ¶¶ 71–83.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When a court considers a motion to dismiss, it must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See, e.g., id.*; *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).

## III. DISCUSSION

### A. Count I: Negligence

Count I of the Complaint alleges negligence against NCL. D.E. 1 at ¶¶ 35–39. To prevail on a maritime negligence claim, a plaintiff must show "(1) that defendant owed plaintiff a

duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006) (citing *Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir.1992)). As to the first element, the ship owner "owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959).

NCL's first argument as to Count I is that the "Complaint alleges a number of duties (and breaches thereof) which are not supported by the applicable maritime law." D.E. 8 at 4. Put another way, NCL argues that it owes no duty to provide, for example, medical facilities or equipment, "Face-to-Face Telemedicine," or training, instruction, or supervision of its medical staff. *See id.* at 4–8. Count I alleges, however, that NCL "breached its duty to provide [Mr. Cordani] with reasonable care," and then lists fourteen specific ways—termed "acts and/or omissions"—in which NCL breached its duty of reasonable care. D.E. 1 at ¶ 36. When each of these specific acts or omissions are considered together and in the light most favorable to the Estate, they establish a plausible claim for a breach of NCL's duty to exercise reasonable care. In addition, the Court will not embark on an analysis of each alleged act or omission to determine whether NCL breached a duty to Mr. Cordani by either acting or not acting. This Court has repeatedly held that "[e]ven though certain of the alleged breaches of [the ship owner's] duty of reasonable care may not adequately state a negligence claim, the Court will not strike the alleged breaches in line-item fashion," as NCL requests in the Motion. *Caldwell v. Carnival Corp.*, 944 F. Supp. 2d 1219, 1224 (S.D. Fla. 2013) (internal quotations omitted); *see also, e.g., McLean v. Carnival Corp.*, No. 12-24295-CIV, 2013 WL 1024257, at *5 (S.D. Fla.

Mar. 14, 2013); *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010).

NCL also argues that the Estate's allegation that NCL failed to "adequately evacuate [Mr. Cordani] from the Norwegian Getaway in a timely manner" is "conclusory" and "devoid of any factual information to support [it]." *Id.* at ¶ 36(i); D.E. 8 at 9. The Court disagrees. The Complaint alleges that Mr. Cordani presented to the ship's medical facility for the first time on November 17, 2014; he called the medical facility on November 18, 2014 to report continued pain; and he returned to the medical facility on November 19, 2014 with worsening symptoms. D.E. 1 at ¶¶ 29–31. On that day, the Complaint alleges that Mr. Cordani was diagnosed with pneumonia and that "NCL and/or the Medical Defendant(s) refused to evacuate" Mr. Cordani from the vessel despite the family's repeated requests. *Id.* at ¶ 32. The Complaint further alleges that NCL and the Medical Defendants told Mr. Cordani that he would have "to stay aboard the vessel until the next port of call, which they were scheduled to arrive at two days later (i.e., on November 21, 2014)." *Id.* On November 22, 2014, and "[a]s a result of the mismanaged and/or inadequate medical treatment," Mr. Cordani died in a Nassau, Bahamas hospital. *Id.* at ¶ 34. These allegations alone are sufficient to support a claim for general negligence against NCL. Therefore, NCL's Motion to Dismiss Count I of the Estate's Complaint is denied.

### B. Count II: Negligent Hiring/Retention

In Count II, the Estate alleges that NCL negligently hired and/or retained the Medical Defendants. *See* D.E. 1 at ¶¶ 40–46. To state such a claim, a plaintiff must show that "(1) the contractor [or employee] was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Smolnikar v. Royal*

4

*Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011). "The fact that a physician errs in his treatment does not prove that he was incompetent or that the company was negligent in appointing him." *Mumford*, 7 F. Supp. 3d at 1248.

In support of its Motion, NCL argues that the Complaint "merely alleges, in a conclusory manner, that the Medical Defendants 'were not competent and/or duly qualified.'" D.E. 8 at 12 (citing D.E. 1 at ¶ 43). The Estate disagrees, arguing that its allegation that the Medical Defendants were not "licensed to practice medicine in the jurisdiction of the ship, as ship's doctors or ship's nurses" demonstrates "the Medical Defendants' lack of competence and/or qualifications." D.E. 20 at 14 (citing D.E. 1 at ¶ 43). But the fact that the Medical Defendants were not licensed to practice medicine in the jurisdiction of the ship hardly shows that the Medical Defendants were not competent or qualified, and maritime law does not impose a duty on ship owners to hire medical personnel licensed in the jurisdiction of the flag of the ship. *See Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. June 18, 2010) ("Maritime Law does not require that Carnival hire medical personnel who are licensed in California or in the jurisdiction of the flag of the ship. Maritime Law simply requires that if Carnival chooses to hire medical personnel, it must hire people that are competent and qualified."). Thus, the Court finds that the Estate has failed to state a claim for negligent hiring and/or retention against NCL, and NCL's Motion is granted as to Count II of the Estate's Complaint.

### C. Count V: Vicarious Liability for Negligence of Medial Defendants Based on Joint Venture

Count V of the Complaint alleges that NCL is vicariously liable for the negligence of the Medical Defendants by virtue of the fact that NCL and the Medical Defendants were engaged in a joint venture. D.E. 1 at ¶¶ 71–83. To establish a joint venture, a plaintiff must allege (1) that the parties intended to create a joint venture; (2) that the parties had joint control or right of

control over the venture; (3) that the parties had a joint proprietary interest in the subject matter of the joint venture; (4) that the parties had a right to share in the profits; and (5) that the parties had a duty to share in the losses. *See Skeen v. Carnival Corp.*, No. 08-22618, 2009 WL 1117432, at *3 (S.D. Fla. Apr. 24, 2009). These factors, however, "do not quite form a conjunctive test in which every element must be met. Rather, [these] factors . . . act as 'signposts, likely indicia, but not prerequisites,' establishing that a plaintiff has plausibly stated a joint venture claim." *Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1361 (S.D. Fla. 2012) (citing *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 211 (11th Cir. 1991).

Here, the Estate has alleged sufficient facts as to each of these factors. With respect to NCL's and the Medical Defendants' intent to create a joint venture, the Complaint alleges that NCL and the Medical Defendants joined forces "to operate a ship's medical facility for passengers aboard the *Norwegian Getaway* for a profit" and references "contractual arrangements" between NCL and the Medical Defendants regarding their profit-sharing relationship. D.E. 1 at ¶¶ 73, 76. As to "joint control," the Complaint alleges that NCL and the Medical Defendants "shared a common purpose . . . to operate the ship's medical facility for a profit" and detailed how NCL and the Medical Defendants worked together to accomplish that purpose. *Id.* at ¶¶ 73–75. Regarding a "joint proprietary interest," the Complaint alleges that NCL and the Medical Defendants had a joint proprietary interest in the medical facility, as "NCL had the interest in the money it devoted to setting up the medical facility, and the [Medical Defendants] had a proprietary interest in the time and labor expended in operating the ship's medical facility." *Id.* at ¶ 76. Finally, with respect to the right to share in profits and the duty to share in losses, the Complaint alleges (1) that any "charges" resulting from the operation of the

medical facility were "collected by NCL, and . . . then shared by NCL and the [Medical Defendants]"; and (2) that NCL and the Medical Defendants had contracts that "expressly lay out [their] profit-sharing relationship." *Id.* at ¶¶ 73, 76. Therefore, NCL's Motion to Dismiss Count V of the Estate's Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, it is

**ADJUDGED** that NCL's Motion to Dismiss Counts I, II, and V of Plaintiff's Complaint is **DENIED IN PART** and **GRANTED IN PART**. NCL's Motion is **DENIED** as to Counts I and V of Plaintiff's Complaint. NCL's Motion is **GRANTED** as to Count II of Plaintiff's Complaint. As such, it is further

**ADJUDGED** that Count II of Plaintiff's Complaint is **DISMISSED** without prejudice. It is also

**ADJUDGED** that Plaintiff's request for leave to amend the Complaint is **GRANTED**. Plaintiff has until **December 16, 2015** to file an amended complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st of ~~November~~ December 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

7